Juan Piereschi Vallet, peticionario y apelado, *v.* El Comisionado de Agricultura y Comercio de Puerto Rico, et al., demandados y apelantes.

Núm. 9067.—*Sometido:* Junio 1, 1945. *Resuelto:* Julio 6, 1945.

*Hon. Procurador General Interino Jesús A. González y Ramón Gandía Biscombe, Procurador General Auxiliar,* abogados del apelante; *José Sabater,* abogado del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Juan Piereschi Vallet radicó en la Corte de Distrito de Mayagüez una petición de *mandamus* en la que solicitó se ordenara al Comisionado de Agricultura y Comercio, como

presidente de la "Puerto Rican Coffee Price Stabilizing Corporation"(1) al gerente general de dicha corporación y al pagador de la misma para que procedieran a pagarle la suma de $29.18 importe del subsidio del café que le correspondía a virtud de una venta de café al Ejército de los Estados Unidos, de su cuota de excedente y para exportación, y la cual conservaba como sujeta al pago del subsidio al productor de dicho café. En síntesis, se alegó en la petición lo siguiente: .

Que en el mes de marzo de 1942, don Juan Mari Ramos, traficante en café de Mayagüez, entró en negociaciones con el Ejército de los Estados Unidos para venderle 400 quintales de café de Puerto Rico, cantidad que constituía un excedente de la cuota fijada para el consumo local y la cual podía exportarse. El Sr. Mari solicitó autorización del Comisionado de Agricultura y Comercio como presidente de la Puerto Rican Coffee Price Stabilizing Corporation para realizar dicha venta como cuota de exportación, habiendo sido autorizado por dicho funcionario a virtud de un telegrama que se transcribe en la petición y dice así: "Santurce, March 25/42. Juan Mari Ramos, Mayagüez. . Con referencia invitación a licitación por café basándonos en opinión del Procurador General de Puerto Rico y del 'Judge Advocate' del Ejército se les autoriza a someter licitaciones por café de la cuota de exportación para uso exclusivo del Ejército y la Armada. (Firmado) Isidoro A. Colón, Comisionado de Agricultura y Comercio."

Actuando de acuerdo con dicho telegrama el Sr. Mari vendió y entregó los 400 quintales de café al Ejército de los Estados Unidos para su uso exclusivo. Formaban parte de esos 400 quintales 3,243 libras de café propiedad del peticionario Juan Piereschi Vallet.

El Sr. Mari requirió por escrito el 13 de junio de 1942 al Sr. Vicente Medina, gerente general de la Corporación

(1) Esta corporación fué creada por la Ley núm. 156 aprobada el 8 de mayo de 1940 ((1) pág. 927).

antes mencionada, el pago del subsidio a los agricultores que produjeron dicho café y el Sr. Medina se negó a considerar el café vendido al Ejército como de exportación y se negó a efectuar el pago no obstante habérsele llamado la atención hacia el telegrama antes copiado autorizando la venta.

Se alegó además que la venta de las 3,243 libras de café importan una cuota de exportación de 1,459 libras que a razón de $2 por quintal corresponde a la corporación pagar al peticionario la suma de $29.18 estando los demandados obligados a pagar al peticionario dicha suma como subsidio.

Terminó el peticionario alegando que existían fondos suficientes en poder de los demandados para realizar el desembolso solicitado del Fondo Especial creado por ley para el pago del referido subsidio y que a pesar de los requerimientos hechos a los demandados se han negado a efectuarlo.

Los demandados contestan la petición aceptando algunos hechos y negando otros y como defensa especial alegaron que la petición no aduce hechos suficientes constitutivos de causa de acción. El día señalado para la vista los demandados hicieron constar que aceptaban los hechos alegados en la petición y que sometían el caso por la cuestión de derecho planteada en la defensa especial.

La corte inferior desestimó la defensa especial y declaró con lugar la petición. Los demandados apelaron y en este recurso sostienen que erró al no declarar con lugar la excepción previa, al declarar con lugar la petición y al no declarar que el recurso del peticionario es académico.

■■ El fundamento principal de los apelantes para sostener que la petición no aduce hechos suficientes es que en ella no se alega ''como un hecho real y efectivo el que el café del peticionario, incluído con el vendido por el Sr. Mari . . . al Ejército de los Estados Unidos en Puerto Rico, hubiera sido exportado de la Isla de Puerto Rico, que es lo que exige la Ley para el pago del subsidio.'' Y arguyen que el·

hecho de que el peticionario alegue que el café vendido al Ejército era de la cuota de exportación, "no quiere decir, ni puede interpretarse como que el mismo saliera de la isla como café exportado."

La Ley núm. 156 de 1940, creando la Puerto Rican Coffee Price Stabilizing Corporation en su sección 4 dispone que el objeto de dicha corporación era "mantener el precio del café que se produjera en Puerto Rico a un nivel que proporcione a los agricultores un beneficio razonable . . ." y para dar cumplimiento a este propósito se dispuso además en dicha sección que la corporación tendría facultad ". . . para conceder subsidios sobre café que se exporte . . ."

Es por otra ley, la núm. 157 de 8 de marzo de 1940 ((1) pág. 933), que se proveen los fondos para el pago del subsidio. Su sección 3 dispone una contribución especial de uno y medio centavos por cada libra de café crudo que se venda en Puerto Rico, ya sea para consumo en la isla o para su exportación. Y la sección 4 de la ley dispone:

"De la contribución especial así recaudada y además de cualquier cantidad que ingresare por concepto de multas por infracciones de esta Ley, el Tesorero de Puerto Rico separará una cantidad no mayor de cincuenta mil (50,000) dólares anuales para acreditarse al 'Fondo para el Fomento del Mercado de Café de Puerto Rico', creado en la sección 5 de esta Ley, no menos de doscientos mil (200,000) dólares anuales al pago de subsidios por el café que se exporte, y que deberán pasar exclusivamente al agricultor que produjere el café así exportado; y el balance de dicha contribución después de deducidas tales cantidades pasará a formar parte del capital de dicha corporación; *Disponiéndose*, que en ningún año el subsidio excederá de cinco (5) dólares por quintal de café exportado."

Creemos que, técnicamente, los demandados tienen razón al sostener que en la petición no se alega que el café vendido por el Sr. Mari al Ejército fué exportado y que las leyes citadas solamente autorizan el pago del subsidio al agricultor por el excedente del café que haya sido exportado.

Empero, el Comisionado de Agricultura y Comercio autorizó dicha venta como parte de la cuota de exportación, después de obtener la opinión favorable del Procurador General y del Judge Advocate del Ejército. El Sr. Mari no actuó independientemente, sino que consultó al funcionario encargado de dar cumplimiento a las leyes reguladoras de las ventas de café, si podía hacer la transacción con el Ejército vendiéndole el café como cuota de exportación y fué expresamente autorizado a efectuarla. No nos parece una actitud muy correcta la que asumen ahora los demandados, entre ellos el Comisionado de Agricultura y Comercio. Habiéndose vendido el café por el peticionario y otros agricultores, como parte de sus cuotas de exportación, insistir en que dicha venta al Ejército no constituyó una exportación, es privar a dichos agricultores del subsidio que les correspondería si ellos hubieran exportado dichas cuotas. No creemos justo ni equitativo que por haber actuado debidamente autorizados por el Comisionado de Agricultura y Comercio para realizar la venta al Ejército deban ser privados del pago del subsidio. No debemos pasar por alto la fecha en que esta transacción se llevó a efecto, marzo de 1942, es decir, cuando estábamos al comienzo de nuestra participación en la Guerra Mundial. La venta del café a las fuerzas armadas seguramente se autorizó por el Comisionado de Agricultura y Comercio, como cuota de exportación, para contribuir al esfuerzo de guerra en la cooperación que todos, y especialmente el Gobierno Insular, estábamos en el deber de prestar. Después de obtenido dicho permiso oficial no incumbía al Sr. Mari y a los demás agricultores de café investigar si, como cuestión de hecho, el Ejército utilizó el café en Puerto Rico o lo exportó para el uso de las fuerzas armadas fuera de Puerto Rico. Pudo ocurrir una u otra cosa. Dadas las circunstancias concurrentes, no erró la corte inferior al desestimar la excepción previa y, de acuerdo con las alegaciones de la petición, aceptadas como ciertas por

los demandados, tampoco erró al declarar con lugar la petición y ordenar el pago solicitado.

En cuanto al tercer señalamiento, carece de méritos. Es cierto que la Ley núm. 17 de 27 de noviembre de 1942 (Leyes de 1942, Sesión Extraordinaria, pág. 73) derogó la Ley núm. 156 de 1940 y la núm. 157 de igual fecha, y por su sección 2 expresamente disolvió la Puerto Rican Coffee Price Stabilizing Corporation. Empero, dicha sección contiene un Disponiéndose que dejó subsistente dicha corporación, entre otros fines: "... para la venta y liquidación del café que tenga sin venderse *y el pago de subsidios* ..."

Además en la petición se alegó que "Existen fondos de dinero para el pago de dicho subsidio en poder de los demandados o sea en cuanto lo ordenen los demandados del Fondo Especial creado por la Ley para el pago del referido subsidio ..." Y este hecho fué aceptado por los demandados.

*Debe confirmarse la sentencia apelada.*